UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE UNITED STATES OF AMERICA; ) <br> *ex rel*. Thomas Howard; Robert Weldy, ) <br> ) <br> Plaintiffs/Relators, ) <br> vs. ) <br> ) <br> SHOSHONE PAIUTE TRIBES, DUCK ) <br> VALLEY INDIAN RESERVATION, ) <br> ) <br> Defendant. ) | Case No. 2:10-cv-01890-GMN-PAL <br><br> **ORDER** |

Pending before the Court are Defendant Shoshone Paiute Tribes, Duck Valley Indian Reservation's ("Defendant") Motion to Dismiss (ECF No. 15) and Plaintiffs Thomas Howard and Robert Weldy's (collectively, "Plaintiffs") Counter Motion to Treat Defendant's Motion as One For a More Definite Statement (ECF No. 24).  Defendant asserts that this Court lacks jurisdiction because, as a federally-recognized Indian Tribe, it is immune from suit, and alternatively, that Plaintiffs' complaint is not properly pled.  For the reasons set forth below, the Motion to Dismiss is granted.  Dismissal of the case renders Plaintiffs' Motion moot and it is therefore denied.

**I.     BACKGROUND**

This suit is a Medicare/Medicaid fraud case brought *qui tam* by Plaintiffs. Plaintiffs were former employees of the Owyhee Community Health Facility operated by Defendant.  Plaintiffs allege that Defendant was making false claims to the government in order to obtain increased Medicare and Medicaid payments[1] in violation of the Federal

---

[1] The alleged false claims include misrepresentation that Defendant's facility was a hospital when it was only approved as a clinic, billing Medicare and Medicaid multiple times for the same services, billing without verification that the patient was a descendant

Claims Act ("FCA"), 31 U.S.C. § 3729(a)(1), (2), and (7).  Plaintiffs brought suit on behalf of the United States Government as authorized by the FCA.  The Government elected not to intervene, and Plaintiffs continued to conduct the action on the Government's behalf.

Defendant now moves to dismiss arguing that its tribal sovereign immunity divests the Court of subject matter jurisdiction.  Alternatively, Defendant argues that the complaint was not properly plead under Fed. R. Civ. P. 9(b).  Plaintiffs move for the Court to consider the Defendant's motion as one for a more definite statement.

## II. DISCUSSION

"As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 755 (1998).  Indian tribes are generally viewed by the courts as separate sovereigns, enjoying the common-law immunities of sovereign powers. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978).  However, tribal sovereign immunity is not absolute and "does not extend to preventing the federal government from exercising its superior sovereign powers." *United States v. White Mountain Apache Tribe*, 784 F.2d 917, 920 (9th Cir. 1986).  Thus, the federal government may override tribal sovereign immunity and bring actions against Indian tribes in federal court. *United States v. Yakima Tribal Court*, 806 F.2d 853, 861 (9th Cir. 1986) (citing *United States v. Mississippi*, 380 U.S. 128, 140-41 (1965) (United States can override the sovereign immunity of the states)).

Plaintiffs neither allege that Defendant has waived its immunity nor specifically that the FCA abrogates tribal immunity.  To the extent that Plaintiffs are seeking redress

---

of a member of a tribe, billing for physicians visits when the patient was only seen by a nurse or unlicensed physician, and generally billing incorrectly.

as individual citizens, Defendant's tribal sovereign immunity would divest the Court of jurisdiction.  However, Plaintiffs assert that as *qui tam* plaintiffs, they are acting on behalf of the United States and Defendant's immunity is thereby overridden.  In opposition, Defendants argue that the FCA's authorization of *qui tam* suits does not vest Plaintiffs with the authority of the United States to override tribal sovereignty and, even if it did, the FCA is inapplicable here as Indian tribes are not "persons" subject to the liability provisions of § 3729.

       The Court need not address the question of a *qui tam* plaintiff's authority because the Supreme Court has determined that, in cases where the FCA *qui tam* provisions intersect with sovereign immunity, the initial inquiry is properly whether the sovereign is a "person" as defined in § 3729. *See Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 778-80 (2000).  In *Stevens*, the Supreme Court held that states were not "persons" subject to *qui tam* liability under the FCA. *Id*. at 787.  In so holding, the Court applied its "longstanding interpretive presumption that 'person' does not include the sovereign," to "be disregarded only upon some affirmative showing of statutory intent to the contrary." *Id*. at 780, 781.  Applying this presumption, the Court found that historical evidence and several features of the statutory scheme not only failed to rebut the presumption, but actually tended to show a congressional intent to exclude the states from the scope of the FCA's *qui tam* liability.[2] *Id*. at 780-87.  Consequently, the

---

[2] The Court noted that historically, the FCA only applied to natural persons, and that none of the subsequent changes to the statute indicate an intent to broaden the scope of liability to include states. *Id*. at 781-82.  Further, the Court observed that (1) other sections of the FCA, which do apply to states, expressly incorporate states in the definition of "person" for the purposes of the section, (2) the punitive nature of liability under the FCA is incongruent with imposing punitive damage on governmental entities, and (3) the definition of "person" under a sister statute, enacted at the same time as the latest amendment of the FCA, also omitted states from the definition of "person."

1  FCA was inapplicable and the question of sovereign immunity was not implicated. *See*
2  *id*. at 779, 787.
3      Using the analogy of state sovereignty, *see Yakima*, 806 F.2d at 861, and
4  consistent with the reasoning in *Stevens*, this Court agrees that Congress did not intend
5  Indian tribes to be subject to *qui tam* liability under the FCA. Indian tribes, like states,
6  are separate sovereigns only subject to suit when, absent a voluntary waiver, Congress
7  has abrogated their immunity. *Kiowa*, 523 U.S. at 755. Consequently, Indian tribes are
8  also entitled to the application of the "longstanding interpretive presumption" that they
9  are not "persons" subject to *qui tam* liability under the FCA absent a showing of statutory
10 intent to the contrary. *See Stevens*, 529 U.S. at 780, 781. Applying this presumption, the
11 same historical evidence and features of the FCA's statutory scheme that failed to rebut
12 the presumption for the states in *Stevens*, here similarly fail to rebut the presumption for
13 sovereign Indian tribes. *See id*. at 780-87.[3]
14     As such, Defendant is not subject to *qui tam* liability under the FCA and Plaintiffs
15 have not stated a recognized claim under federal law. Consequently, the Court is without
16 subject matter jurisdiction and the Motion to Dismiss must be granted. Because the
17 motion is granted on jurisdictional grounds, Plaintiffs' arguments to treat defendant's
18 motion as one for a more definite statement are moot, and Plaintiffs' motion is denied as
19 moot.
20 ///
21 ///
22 ///
23
24 [3] In so holding, however, the Court specifically notes that it is not determining whether Indian tribes are subject to liability under the FCA where the suit is initiated by the
25 federal government, or where the federal government decides to intervene in a *qui tam* action.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Counter Motion to Treat Defendant's Motion as One for a More Definite Statement (ECF No. 24) is **DENIED**.

DATED this 26th day of December, 2012.

_____
Gloria M. Navarro
United States District Judge