UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE UNITED STATES OF AMERICA; ) <br> *ex rel.* Thomas Howard; Robert Weldy, ) <br> ) <br>                 Plaintiffs/Relators, ) <br> vs. ) <br> ) <br> SHOSHONE PAIUTE TRIBES, DUCK ) <br> VALLEY INDIAN RESERVATION, ) <br> ) <br>                 Defendant. ) | Case No. 2:10-cv-01890-GMN-PAL <br><br> **ORDER** |

    Pending before the Court is Plaintiffs Thomas Howard and Robert Weldy's Motion to Alter and Amend Pursuant to FRCP 59. (ECF No. 33.) For the reasons set forth below, the Motion is denied.

**I.    <u>BACKGROUND</u>**

    This suit is a Medicare/Medicaid fraud *qui tam* action brought under the False Claims Act ("FCA"). Plaintiffs brought suit on behalf of the United States Government as authorized by the FCA, and after the Government elected not to intervene, Plaintiffs continued to conduct the action on the Government's behalf. The facts of the case are set forth in the Court's prior Order dated December 26, 2012, (ECF No. 32), in which the Court granted Defendant Shoshone Paiute Tribes, Duck Valley Indian Reservation's ("Defendant") Motion to Dismiss. In that Order, the Court determined that Defendant, due to its tribal immunity as an Indian Tribe, was not a "person" subject to liability under the FCA when a suit was maintained by private citizens and not the United States Government. Plaintiffs brought this Motion shortly thereafter for alteration and amendment of the Order. Although the Motion neither specifies what specific alterations or amendments Plaintiffs seek nor requests action from the Court, the content and timing

of the complaint suggest Plaintiffs seek reversal of the Court's prior Order and relief from the dismissal of their complaint.  Thus, the Court construes the Motion as one for reconsideration.

## II. LEGAL STANDARD

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) and 60(b). *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e).  The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Evidence that was available to a party at the time it filed its opposition is not "newly discovered evidence." *See Sch. Dis. No. 1J*, 5 F.3d at 1263.

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).  It is not a mechanism for re-arguing issues presented in the original filings, *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985), or "advancing theories of the case that could have been presented earlier, *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted).  In other words, Rule 59(e) is not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

### III. DISCUSSION

Plaintiffs bring two main arguments to support their Motion for Reconsideration. First, Plaintiffs argue that Defendant's 1936 Corporate Charter is newly discovered evidence that indicates that the Tribe may have voluntarily waived its immunity. Plaintiffs subsequently contend that they should be given permission to conduct discovery as to whether Defendant had waived its tribal immunity. Second, Plaintiffs argue that the allegations of Medicare fraud contained in the complaint necessitate that the operative definition of "person" for the purpose of liability is that contained in 42 U.S.C. 1320a-7a (the "Medicare Statute") as opposed to that contained in the FCA. Plaintiffs further argue that the Medicare Statute's definition of "person" would encompass an Indian Tribe. The Court discusses each argument in turn.

Plaintiffs' discovery argument fails to meet the standard for reconsideration under Rule 59(e). First, the Court does not see how the 1936 Corporate Charter is newly discovered evidence. The Charter is a public document available to Plaintiffs at the time of the filing of their opposition. As such, it is not newly discovered evidence. Furthermore, by Plaintiffs' own admission, the Charter only evidences that there *may* be a waiver of sovereign immunity such that "Plaintiff[s] should be able to do discovery to determine whether Defendant has waived sovereign immunity." Plaintiffs have not identified any specific information they think they may discover and how that information would establish waiver. Thus, even if the Charter was newly discovered evidence, it could only be used to launch a fishing expedition to hopefully recover some information about waiver. Such a circumstance does not present a valid reason to reverse the Court's prior decision.

Additionally, Plaintiffs were fully apprised of Defendant's defenses of tribal sovereign immunity and non-personhood under the FCA at the time of filing of their

Opposition, but failed to argue waiver or the need for additional discovery in their Opposition.  Plaintiffs also had the opportunity to raise the discovery issue before the Magistrate Judge at the Scheduling Conference where the issue of discovery during the pendency of the Motion to Dismiss was discussed.[1]  Consequently, both Plaintiffs' arguments regarding the voluntary waiver and the need for additional discovery—advanced for the first time in this Motion—constitute new theories of the case, which could have been presented earlier.  Such new theories are improper in a Motion for Reconsideration.

Plaintiffs' second argument likewise fails to meet the Rule 59(e) standard.  Applying the Medicare Statute's definition of "person" is not an intervening change in law, both the FCA and the Medicare Statute is the same now as it was at the time of the filing of Plaintiffs' Opposition.  Rather, this argument is also a new theory that may have been presented in Plaintiffs' Opposition but is only now advanced.  Thus, it is improperly raised in a Motion for Reconsideration.  More fundamentally though, Plaintiffs' claims in their Complaint are for violations of the FCA, not the Medicare Statute.  In fact, Plaintiffs cannot bring a claim under the Medicare Statute, because the Medicare Statute does not authorize *qui tam* suits or private actions.  Consequently, the FCA is the congressionally authorized mechanism by which Plaintiffs may bring claims on behalf of the United States, and its provisions are operative in determining persons who may be found liable in such suits.  The definition of "person" in the Medicare statutes is inapplicable.

Plaintiffs have neither provided any newly discovered evidence nor demonstrated a clear error in the Court's prior holding.  Additionally, there has been no intervening

---

[1] In fact, the Magistrate Judge specifically inquired whether or not Plaintiffs needed to conduct limited discovery for jurisdictional purposes while the Motion to Dismiss was pending and Plaintiffs' counsel represented that no such discovery was required. (ECF No. 31, 35-1.)

change in the law. Thus, there is not a valid reason to reverse the Court's prior Order and Plaintiffs' Motion must be denied.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs Thomas Howard and Robert Weldy's Motion to Alter and Amend Pursuant to FRCP 59 (ECF No. 33) is DENIED.

DATED this 17th day of May, 2013.

_____
Gloria M. Navarro
United States District Judge